UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Cr. No.: 16-10233-RGS |
| DONNA M. ACKERLY, et al., | ) ) ) | |
| Defendants. | ) ) | |

GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANT GARSKE'S MOTION TO SEVER

The government respectfully files this response in opposition to the eve-of-trial, *ex parte* motion to sever filed by defendant Garske and joined by defendant Sedlak.

This case has been pending for 18 months. It has involved extensive motion practice, including two successive severance motions by co-defendant Ackerly, both of which were denied. Virtually all of the defendants' remaining motions have been joint.

On Monday, one week before trial, defendant Garske produced 20,000 pages of discovery to the government (which were delivered on Tuesday), and identified close to 200 exhibits. The defendants have produced essentially no reciprocal Jencks, despite identifying numerous witnesses they intend to call at trial. Garske, in particular, produced "notes" of an interview with one witness, which reflected only that the witness was interviewed by his attorney, but disclosed *none* of what he said. Now, four days before trial, and just days after filing numerous *in limine* motions, Garske, joined by Sedlak, seeks severance in an *ex parte* motion to which the government cannot even respond substantively. United States v. Bollinger, 796 F.2d 1394, 1402-03 (11th Cir. 1986) (denying "eve of trial" severance motion and noting that "court must give weight to the timeliness of the severance motion in determining whether it

should be granted" and that "[t]he concern for judicial economy supports the district court's decision to deny severance.") (further citation, internal quotation marks and alterations omitted); United States v. Cataldo, 625 F. Supp. 1255, 1256 (S.D.N.Y. 1985) ("a court must be aware of the disruptive effect upon court calendars in complex, multi-party cases, when lawyers seek last minute severances, continuances or other strategic advantage by 'newly discovered' conflicts of interests.") (citation and internal quotation marks omitted).

The Court should reject the defendants' attempt to try this case by ambush.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: /s/ Stephen E. Frank
STEPHEN E. FRANK
ERIC S. ROSEN
Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: February 21, 2018

/s/ Stephen E. Frank
STEPHEN E. FRANK